We will begin by hearing argument in Reyes v. Ercole. I'll dispense with the calling of the calendar, since I understand from our clerk that all counsel are present and accounted for. Good morning, Your Honors. Hold one second, Ms. Fleischman, and we'll get you. Proceed, please. Good morning. I'm Stephanie Carvelan. I'm counsel for the appellant. Oh, I'm sorry. We've got you in. Yes, go ahead. Counsel for petitioner appellant William Reyes. As the court knows, this case has an exceedingly long procedural history. Mr. Reyes served 15 years in prison while this case has been pending here and in the state courts. He was released approximately two years ago. He remains subject to parole supervision for another three years. It's a very restrictive position to be in. He had to register for a sex offender. But after all this time, I am standing in front of the Court with a finding by a district court judge that perjury was admitted into evidence at Mr. Reyes' State Court trial on rape, that the complaining witness committed perjury in three significant respects, and that if that perjury had not been admitted, it's reasonably likely that the jury would have found differently, that that evidence could have swayed the jury. I know the Court is familiar with the case, but I think I need to review the facts in some detail in order to yes. Let me just see if I can have you, maybe we can narrow the issue. Would you agree that if AEDPA deference applies, if it applies, I know you have an argument that it shouldn't apply, but if it applies, do you agree that you would not be able to prevail? Because regardless of what this Court has held in Sanders, the Supreme Court has never held that the admission of perjury testimony can violate the due process rights if the prosecutor is unaware of its falsity. So can we agree on that or we can't agree on that? I think they're two different we're coming to agreement, but I think they're two different ADA deferences, obviously, AEDPA deferences that are due. One is for legal conclusions, obviously, and the other would be for factual findings. Okay. There is no, I absolutely have cited to the Court, and there is no directly controlling Supreme Court case law that sets out a standard for perjury other than one in Augers, which — Right. Sanders actually cited a dissent from the Supreme Court. It did. That's correct. And Sanders was pre-AEDPA. However, Ortega v. Duncan was after the statute was amended in 1996. So it really comes down to whether or not the State court decided the case on the merits or not. If the State court decided the case on the merits, then there would be no claim, right? In terms of, yes, in terms of the unreasonable application of the Supreme Court law. Tell me why the Supreme — why the State court, when it said that even if there was the perjury, it would not have affected the outcome of the case, why that is not a ruling on the merits? Well, I think it's not a ruling on the merits for exactly the same reason. This is directly analogous to this Court's decision in Ortega v. Duncan. Here, what the State court said didn't even discuss the perjury, the extensive perjury and the material perjury that Judge Stein found. What the State court said is that she was — Ortega was a little bit different, because Ortega, the State court didn't analyze what happened at the trial. The State court said there's a new witness that's come forward, so the result would be the same. So it didn't — the State court didn't really analyze what had occurred at the trial. It was predicting what a new trial would happen, right? That's correct. Okay. So that's a kind of an unusual fact pattern. It's an unusual fact pattern, as is the fact pattern here, Your Honor. No, because, for example, let's say in an ineffective assistance of counsel situation, a court says, I'm not going to decide whether the lawyer was ineffective, I find no prejudice. Would it be your position that that's not a ruling on the merits because they didn't address whether or not the lawyer was ineffective or not? Because that's essentially what you're arguing here. Because the court didn't address whether or not the perjury occurred, it's not on the merits, so. What I'm arguing here, Judge, is this is the entire finding by the State court. I'm rejecting the perjury claim out of hand. There was no analysis. There was no determination. There was no analysis that it was harmless or that it was not prejudicial. Why isn't that considered — that's a merits determination, isn't it? No, it isn't, Your Honor. I think it's directly analogous to what happened in Ortega. It was exactly the same situation there, which is — You answered my question in an ineffective assistance claim. If a court says, I'm not going to decide whether the lawyer was ineffective, I find no prejudice, is that a merits analysis or not? Well, I think if it were analogous to this case where the court said, I'm not going to look at any of this. I'm going to find a way to avoid making a decision. But that isn't what was said. It was said. What the State court said is that I'm rejecting the perjury claim out of hand. There was no determination either, even of whether there was perjury. This was a disturbing, deeply disturbing case. The reason this is going on 10 years later, we're back in this Court, is because of what happened here. This was a one-witness identification, one person's word against another person's word, no physical evidence to support. The complaining witness didn't report the supposed rape to the police until the next day. When she did so, she did so because she was essentially pressured into by an older woman who had taken a sort of mentor role in her, that the prosecution had to come up with some sort of explanation for this. Prosecution also had to come up with some sort of explanation for why it is a man would rape a woman he worked with at his work, who could identify him and have him arrested. And the prosecution came up with, crafted an explanation for that, which was that the complaining witness, Jane Martinez, was this timid woman who immediately Mr. Reyes could do. And also there were three witnesses who she reported the rape to, one within 30 minutes of it occurring, right? She reported it. She was interested, I think, in the witnesses. She reported it to one person who reported it to others. Within 30 minutes. Yes, Judge. But it's the same. And two other people the next day. It's the same. And then two other people the next day. It's the same thing. It's her accusation. And what we have now, 10 years later, is witnesses who say she was sexually interested in Mr. Reyes. She said so. She was flirting with him the day of the rape. She lied about how it is that he supposedly lured her to some remote location on the pier and raped her. She volunteered to go down there with him. She told a big part of the prosecution's case was that she had reported his increasing he was essentially testing her to see if he could rape this woman who knew him and how to identify him with impunity. And he tested that. These arguments assume that there's no deference. If there is deference, we don't analyze any of the things that you're arguing right now, right? Judge, we started out agreeing that if the deference applies. I'm saying the deference does. I can't not agree to that. Let me give you two cases, and you can tell me how they're different. One case is a Batson challenge in a habeas context where the State court said, even if there was a Batson violation here, it was harmless. And the court in Davis v. Iowa said, deference applies. So there was no analysis of whether the Batson violation occurred. The State court just said, even if it happened, it's harmless. And then there is the one that I was referring to before, where an attorney was alleged ineffectiveness. The State court said, even if the attorney was ineffective, it didn't prejudice the petitioner. And the Supreme Court in a case called Cullen in 2011 said, deference applies. So in both of those instances, no analysis of the underlying violation, just either a lack of prejudice or a harmless error type analysis. And in two instances, the Supreme Court has said, that's a merits determination that's entitled to deference. I just don't see the difference here. Well, I guess the difference, Judge, would be, what is the point of the deference? What is the point of the – Because the State court was there at the trial, saw the witnesses, and is analyzing what the impact was. That's why there's deference, because we're not – we weren't in that position. There is no such finding here, Judge. What the State court said is I'm rejecting this out of hand. There was no determination of the credibility of witnesses. There was no even consideration of the effect of the perjury, or frankly, finding that there was perjury. It was a way of ducking making a decision. And I would urge you to find, as you found in Ortega, that that is not a merits determination. I've reserved three minutes. Yes, you have, Ms. Carlin. So we will hear from Ms. Fleischman, and then you'll get the podium again. Good morning, Your Honors. My name is Lisa Fleischman, and I represent the State. The Supreme Court held in Eggers that a claim, a due process claim based on perjury has three elements. There has to be false testimony that could have affected the verdict, and the prosecutor has to have knowledge that there was perjured testimony. The 440 ---- So an agreement on the first two, false testimony could have affected the verdict and we're fighting over, or the issue is the third one. Correct, Your Honor. What the 440 court found was that there was no prosecutorial knowledge of perjury, and that defeated the claim. And the district court accorded that finding deference and went through the Eggers standard and concluded the same thing, that there could be no relief based on a due process violation based on perjury where there was no prosecutorial knowledge. The prosecutor's knowledge is the State action, which forms the basis for the due process violation. The fact that the district court also engaged in some fact finding doesn't change the 440 court's determination into one that's not on the merits. The Ortega case is different from the situation here. There the 440 court did not determine the perjury claim on the merits. In fact, I don't think in either the district court or this court's opinions there's any contention that it did. There the 440 court simply said orally that there would be no different verdict and then explained later there would be no different verdict because a different eyewitness had come forward. It didn't assess the impact of the perjury on the trial, on the outcome. It kind of substituted the witnesses, which is sort of an other ground than Eggers. There was no application of clearly established Supreme Court law in Ortega as there was here. And for that reason, Ed Pederfens is properly accorded, the district court properly did so, and there can be no relief on the basis of a due process claim based on perjury. How about actual innocence? Pardon? I'm just musing over this because. How about actual innocence? Yes, yes. The petitioner's best shot here really was in state court where an actual innocence claim can be entertained in New York and was presented here but was rejected. The same thing for ineffective assistance of trial. The 440 court held the hearing on that fact, and in the course of holding that hearing heard from the perjury witnesses and rendered a decision that counsel was not ineffective and also that there's no reasonable probability that the perjury witnesses would have affected the verdict. Did the state court make a finding that there was no knowledge by the prosecutors or it never reached that issue either? The state court? Yes. Did the state court ever conclude that the prosecutors had no knowledge of any type of potentially perjured testimony? That's correct, yes. Which decision was that in? That was in the 440 decision or some other decision? That was in the pre-hearing 440 decision. I want to say the page is 1572-73 in the appendix. Anything else, Ms. Fleischman? No, thank you, Your Honor. Thank you. I do understand, Your Honor, that this is an appellate court and that we are Petitioners and a habeas and that there are standards. But I would say to you that you also have to look at what happened in this case. I understand, Judge, you're right. If you find that deference is due, then that's the end of the story. Why wasn't there also deference to the finding that there was no knowledge by the prosecutor? Why isn't that finding entitled to deference? I haven't claimed it wasn't. I haven't contested that. Of course, it was. But under the Supreme Court law, why isn't that then the end of the inquiry if the state court? Because, Judge, for the same reason that I argued previously, which is that under Ortega v. Duncan, it was exactly the same analogous situation there. There was no finding, as there was no finding here, by the trial court, by the state court, that perjury had been committed. And the state court found in that case an alternate method to affirm the conviction. And that is exactly what happened here. There was no finding. There was no engagement. And basically, I think Ortega is consistent with the requirements of AEDPA, which is deference to state courts. Federal courts are not supposed to be sitting as appellate courts over federal courts. But there's also a requirement federal courts police at least the outer edges of what happened in state court. And this is way beyond the outer edges. You have a finding by a federal district court that perjury was the complaining witness, the only person other than Mr. Reyes knew what happened, committed perjury on material issues that were essential to the prosecution's ability to get a conviction in this case. Scalia. But let me ask you. Didn't, as Ms. Fleischman directed us to her best recollection of what it was in the record, the 440 court in a pre-440 proceeding determined that whatever occurred, the prosecutors didn't know about it? Yes. If there hadn't been that finding, they would have a much better argument. Okay. And you need to bring a constitutional claim. Your best hook is due process. And don't we know from what the Supreme Court has told us that without the prosecutor's knowledge of the perjury, you don't have a due process claim? No. What we know from the Supreme Court is that a due process claim exists when a defendant is able to show that the prosecutor knew. And obviously the question of should have known is up in the air. But definitely when a prosecutor knew that perjury was admitted. Correct. And we have a factual determination that the prosecutor didn't know that. That's correct. Correct. But what I'm saying, Your Honor, is that the legal issue here, which is what standard should be applied, is the standard that this Court applied in Ortega. I argue that the ---- What about in Drake and Channer, two cases? Yes. Both of those cases, we said in the Channer case, it was potentially false but not known, didn't affect the verdict, no relief available. Well, that's interesting because Channer was decided in 2003, exactly as I recall, exactly the same year as Ortega v. Duncan. And unless this Court is saying that I would argue that unless you're saying Ortega v. Duncan is no longer good law ---- I could say Ortega is unique because they weren't analyzing what happened at the actual trial. They were predicting what would happen at a future trial, and that's not entitled to deference because you're not analyzing. Anybody can do that. There's no need for deference on something like that. Anybody could try to predict what's going to happen, right? And I would suggest that there is similarly here no need for deference. Thank you. Thank you. Thank you both. Thank you. We'll reserve decision in this case.